UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE FITZHUGH, BOP #95762-298,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:24-cv-0429-CAB-DEB<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A** |

## I.　　INTRODUCTION

Plaintiff Jeffery Lee Fitzhugh ("Fitzhugh" or "Plaintiff"), a federal prisoner currently incarcerated at the Federal Correctional Institution at Terminal Island and proceeding *pro se*,[1] has filed a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal

---

[1] On November 29, 2022, Fitzhugh was convicted after a jury trial of one count of importation of over 50 grams of a Schedule II Controlled Substance (21 U.S.C. §§ 952). *See United States v. Fitzhugh*, No. 3:20-cr-3596-WQH (S.D. Cal.), [ECF No. 131]. He was sentenced to the Bureau of Prisons for 150 months. *See id.*, [ECF No.156].

1

1  Tort Claims Act ("FTCA"). ECF No. 1. Fitzhugh has also paid the civil filing fee. *Id*. In
2  his Complaint, Plaintiff alleges United States Customs and Border Protection ("CPB")
3  agents used excessive when arresting him at the San Ysidro Port of Entry. *Id.* at 7–8. For
4  the reasons discussed below, the Complaint is dismissed for failure to state a claim.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A courts must conduct "early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). The required screening provisions of § 1915A apply to all prisoners, no matter their fee status. *See e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

/ / /

### III.    FACTUAL ALLEGATIONS

Plaintiff alleges that on July 15, 2020 he was driving his truck across the Mexico-United States border when he was instructed by a CPB officer to "drive to and through the portal x-ray and into secondary inspection." ECF No. 1 at 3–4. At about the same time, a Canine Enforcement Officer ("CEO") was moving through the line of vehicles with his canine. *Id.* at 4. The CEO moved behind Fitzhugh's truck on the driver's side and, at some point, the canine alerted to the "driver's side back bumper spot and sat down." *Id.* CPB Officer Olfato joined the CEO at the back of Fitzhugh's truck. *Id.* Fitzhugh believed the officers were seeking to access the spare tire compartment and got out of his truck. *Id.* The officers appeared startled and ordered Fitzhugh to get back into his vehicle. Fitzhugh complied. *Id.* at 4–5.

About 90 seconds later, Officer Olfato approached the driver's side of the truck, with his "right hand on [his] gun and his left hand pointing at Fitzhugh's ignition [and stated,] 'Turn off your engine.'" *Id.* at 5. While taking Fitzhugh into custody, Officer Olfato pulled on Fitzhugh's fingers while "rolling [his] palm closed," causing Fitzhugh's hand ligaments to "stretch[]", resulting in "pain that would not subside for four months." *Id.*

Fitzhugh alleges federal officers used excessive force against him in violation of his Fourth Amendment rights pursuant to *Bivens* and which constituted negligence under the FTCA. *Id.* at 7. He seeks money damages and declaratory relief. *Id.* at 9.

### IV.    DISCUSSION

#### A.    *Bivens*

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, 582 U.S 548, 553 (2017) (citation omitted)). *Bivens*, however, provides a judicially recognized remedy for constitutional violations committed by federal actors only in limited circumstances.

Here, Fitzhugh has failed to state a Fourth Amendment excessive force claim under

*Bivens*. First, a *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). A *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies. *See FDIC v. Meyer*, 510 U.S. 471 (1994). "[T[he purpose of *Bivens* is to deter the officer," not the agency. *Id.* at 485. Indeed, the Supreme Court has held that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself." *Id.* at 486. Therefore, because Fitzhugh has named on the "United States" as the sole defendant, his *Bivens* action cannot proceed.

In addition, even if Fitzhugh had named the individual agent(s) as a defendant(s), he would still fail to state an excessive force claim under *Bivens*. The Supreme Court has cautioned against expanding *Bivens*' implied right of action into new contexts beyond those already recognized.[2] *Ziglar v. Abbasi*, 582 U.S 120, 134 (2017). Most recently, the Court refused to extend *Bivens* to a Fourth Amendment excessive force claim against a U.S. Border Patrol agent who got into an altercation with the plaintiff "while carrying out Border Patrol's mandate to 'interdic[t] persons attempting to illegally enter or exit the United States or goods being illegally imported into or exported from the United States.'" *Egbert v. Boule*, 596 U.S 482, 494 (2022). Thus, an excessive force claim based on the conduct of CPB agents is foreclosed by the holding in *Egbert*. *Id.* at 486 (stating "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts").

Accordingly, Plaintiff has failed to state an excessive force claim under *Bivens* and as such, the claim is DISMISSED with prejudice. *See* 28 U.S.C. § 1915A(b); *Chambers v. C. Herrera*, 78 F.4th 1100, 1107 (9th Cir. 2023) (concluding that even plausible allegations

---

[2] Since *Bivens* was decided, the Supreme Court has expressly recognized an implied cause of action in only three types of cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment.

could not constitute a *Bivens* claim for excessive force under *Egbert* and finding it "absolutely clear" that "amendment would be futile"); *see also Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (stating dismissal without leave to amend is proper if it is "clear it cannot be cured by amendment.").

**B.   FTCA**

In his second claim, Fitzhugh alleges his rights under the FTCA were violated when he was injured due to negligence on the part of CPB officers. ECF No. 1 at 7. As a sovereign, the United States can "be sued only to the extent that it has waived its immunity[.]" *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA represents Congress' waiver of sovereign immunity "for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008) (citing 28 U.S.C. § 1346(b)(1)). The FTCA, however, has only waived the United States' sovereign immunity for "certain categories of claims." *Id*. at 218 ("The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees.").

In general, the United States only waives sovereign immunity if an FTCA claim is: (1) against the United States; (2) for money damages; (3) for injury or loss of property, personal injury, or death; (4) that was "caused by the negligent or wrongful act or omission of any employee of the Government;" (5) while such employee is "acting within the scope of their employment;" and (6) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In addition, FTCA claims are subject to a statute of limitations. Specifically, "the FTCA provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the "appropriate Federal agency within two years after such claim accrues" and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)).

Here, it appears Fitzhugh's FTCA is barred by the statute of limitations. As noted

above, Fitzhugh states his injury occurred on July 15, 2020. ECF No. 1 at 4. He submitted his administrative claim to the CPB agency on January 25, 2023. *Id.*, Ex. 2 at 26. Thus, his claim was submitted over 6 months after the two-year limitation period had expired. *See* 28 U.S.C. § 2401(b).[3] Because it appears untimely, the Court finds Plaintiff has failed to state an FTCA claim. *See* 28 U.S.C. § 1915A(b).

The claim is therefore DISMISSED without prejudice to Plaintiff showing, if he can, that he is entitled to sufficient equitable tolling. To do so he must show: (1) he pursued his rights diligently; and (2) that some extraordinary circumstances stood in his way. *Wong*, 575 U.S. at 408; *see also Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).

### C. Leave to Amend

In light of his pro se status the Court **GRANTS** Plaintiff leave to amend his FTCA claim only. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (stating that where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend to allege facts which, if proved, might support tolling); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court:

1. **DISMISSES** the Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Specifically, Plaintiff's *Bivens* claim is dismissed with prejudice and without leave to amend. Plaintiff's FTCA claim is dismissed without prejudice.

---

[3] Section § 2401(b) also requires a litigant file his federal suit within six months of his or her administrative claim being denied by the appropriate federal agency. 28 U.S.C. § 2401(b). Here, Plaintiff does not indicate the date of his administrative denial. *See generally*, ECF No. 1.

2.   **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file a First Amended Complaint as to his FTCA claim only that cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his Complaint. Any Defendants not re-named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  May 28, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge