UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE FITZHUGH, BOP #95762-298,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:24-cv-0429-CAB-DEB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A**<br><br>**ECF No. 5** |

## I.   INTRODUCTION

On March 4, 2024, Plaintiff Jeffery Lee Fitzhugh ("Fitzhugh" or "Plaintiff"), a federal prisoner proceeding *pro se*,[1] filed a civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"). ECF No. 1. On March 23, 2023, Fitzhugh filed an "Amended Complaint," which became the operative pleading. ECF No. 3. The Court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it on May 28, 2024 for failure to

---

[1] On November 29, 2022, Fitzhugh was convicted after a jury trial of one count of importation of over 50 grams of a Schedule II Controlled Substance (21 U.S.C. §§ 952). *See United States v. Fitzhugh*, No. 3:20-cr-3596-WQH (S.D. Cal.), [ECF No. 131]. He was sentenced to the Bureau of Prisons for 150 months. *See id.*, [ECF No.156].

state a claim and because it appeared his claim under the Federal Torts Claim Act ("FTCA") was barred by the statute of limitations. ECF No. 4. The Court gave Plaintiff leave to amend as to his FTCA claims(s). *See id.* Fitzhugh filed a First Amended Complaint ("FAC") on July 11, 2024. ECF No. 5. For the reasons discussed below, the Court dismisses the FAC with prejudice.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A courts must conduct "early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). The required screening provisions of § 1915A apply to all prisoners, no matter their fee status. *See e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III. FACTUAL ALLEGATIONS

Plaintiff alleges that on July 15, 2020 he was in his truck, waiting to cross Mexico-United States border, when a Canine Enforcement Officer ("CEO") moved behind his truck and alerted to the "driver's side back bumper spot and sat down." ECF No. 5 at ¶ 20. U.S. Customs and Border Protection Officer Olfato joined the CEO at the back of Fitzhugh's truck. *Id.* at ¶ 21. Fitzhugh believed the officers were seeking to access the spare tire compartment and got out of his truck. *Id.* at ¶ 22. The officers appeared startled and ordered Fitzhugh to get back into his vehicle. Fitzhugh complied. *Id.*

Shortly thereafter, Officer Olfato approached the driver's side of the truck, with his "right hand on [his] gun and his left hand opening Fitzhugh's driver's side door." *Id.* at ¶ 28. Olfato ordered Fitzhugh to step of his vehicle and he complied. *Id.* After frisking and handcuffing Plaintiff, Olfato suddenly "ambush[ed]" him, "applying a technique causing extreme pain in Fitzhugh's right wrist, hand and fingers. *Id.* at ¶35. Plaintiff "scream[ed] in extreme pain" but Olfato did not release his grip until they reached the security office. *Id.* at ¶¶ 36, 37.

### IV. DISCUSSION

In his FAC, Fitzhugh alleges violations under the FTCA arising from the July 15, 2020 incident. *Id.* at ¶ 2. As discussed in the Court's previous screening order, the FTCA represents Congress' waiver of sovereign immunity "for claims arising out of torts committed by federal employees." [2] *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18

---

[2] The FTCA, however, has only waived the United States' sovereign immunity for "certain categories of claims." *See Ali*, 552 U.S. at 218. In general, the United States only waives sovereign immunity if an FTCA claim is: (1) against the United States; (2) for money damages; (3) for injury or loss of property, personal injury, or death; (4) that was "caused by the negligent or wrongful act or omission of any employee of the Government;" (5) while such employee is "acting within the scope of their employment;" and (6) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

(2008) (citing 28 U.S.C. § 1346(b)(1)). FTCA claims are subject to a statute of limitations. 28 U.S.C. § 2401(b). Specifically, "the FTCA provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim.'" *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)).

In dismissing Plaintiff's previous complaint, the Court found he had failed to present his FTCA claim(s) to the appropriate federal agency, in this case the U.S. Customs and Border Protection, within the two-year period required under the FTCA. *See* ECF No. 3 at 5–6. Specifically, the Court determined Fitzhugh's FTCA claims accrued on July 15, 2020, the date of his alleged injuries. *See Gallardo v. United States*, 755 F.3d 860, 864 (9th Cir. 2014) (stating an FTCA claim accrues when a plaintiff becomes aware of her injury and its immediate cause) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). As such, Fitzhugh had until July 15, 2022 to file his claim with the appropriate agency. But he did not submit his administrative claim with U.S. Customs and Border Protection until January 25, 2023.[3] ECF No. 5-1, Ex. 3 at 19. Thus, his claim was submitted over 6 months after the two-year limitation period had expired. *See* 28 U.S.C. § 2401(b); *Wong*, 575 U.S. at 405.

In dismissing Plaintiff's original complaint, the Court informed him his FTCA claims appeared to be untimely and granted him leave to amend to show, if possible, that he is entitled to sufficient equitable tolling by plausibly alleging: (1) he pursued his rights diligently; and (2) that some extraordinary circumstances stood in his way. *See Wong*, 575 U.S. at 408; *see also Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). But in his FAC, Fitzhugh fails to allege any facts to support equitable tolling of the two-year period for filing his administrative claim. Instead, his argument focuses on the second

---

[3] While Plaintiff signed and mailed the claim form on January 9, 2023, it was not received by the agency until January 25, 2023 (*see* ECF No. 5-1 at 15, 17) and the Ninth Circuit has held the "mailbox rule" does not apply to FTCA claims. *See Vacek v. United States Postal Service*, 447 F.3d 1248, 1251 (9th Cir. 2006).

portion of an FTCA statute of limitation analysis—whether his federal complaint was filed within six months of the agency's denial of his administrative claim. *See* ECF No. 5 at ¶¶ 48–57. But unless Fitzhugh first filed his administrative claim with the appropriate agency "within two years after such claim[s] accrue[d]," his FTCA claims are "forever barred," regardless of how soon he filed his federal complaint after receiving his administrative decision. *See* 28 U.S.C. § 2401(b).

In sum, the claims raised in the FAC are barred by the FTCA's two-year statute of limitations for presenting those claims to the appropriate federal agency. Plaintiff has alleged no facts in his FAC to show he is entitled to equitable tolling of this limitation period. *See Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) (stating a plaintiff bears burden of proving entitlement to equitable tolling of FTCA claim). Thus, the Complaint is DISMISSED as untimely and for failure to state a claim. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (stating that failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings"). The Court declines to grant leave to amend because it would be futile. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (stating court may decline to grant further leave to amend because it would be futile).

## V. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this civil action without further leave to amend as barred by the statute of limitations and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: November 7, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge